**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>VK LLC,<br><br>Defendant. | Case No. 5:26-cv-12159<br><br>**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

**TO DEFENDANT VK LLC AND ITS COUNSEL:**

**YOU ARE HEREBY ORDERED TO SHOW CAUSE** at ____________ on ____________, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable ________________, located in the Robert F. Peckham Federal Building Courthouse at 280 South 1st Street, San Jose, CA 95113, why an order should not be entered pursuant to Rule 65 of the Federal Rules of Civil Procedure and Civil Local Rules 7-10 and 65-1,

(a) enjoining Defendant VK LLC ("VK"), its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, whether acting directly or indirectly, in the United States or abroad, from the following conduct (the "Restrained Conduct"):

(i) taking any further steps in pursuit of the lawsuit filed by VK in the Arbitrazh Court of the City of Moscow ("Moscow Arbitrazh Court"), Case Number A40-250513/26-12-2188 (except as set forth in paragraph (b) below);

(ii) initiating, pursuing, or otherwise taking any steps with respect to any other ongoing or future proceedings that arise out of or relate to the Apple Developer Program License Agreement ("DPLA"), the Apple Software (as defined in the DPLA), or the parties' relationship, in any jurisdiction other than the state and federal courts within the Northern District of California, as required by Section 14.10 of the DPLA; and

(iii) initiating, pursuing, or otherwise taking any steps in any ongoing or future proceedings to enjoin or restrain Apple Inc. ("Apple") or its affiliates from continuing or pursuing this or any other action to enforce their rights; and

(b) directing VK to take all steps necessary to request and obtain from the Moscow Arbitrazh Court an immediate adjournment or stay of its lawsuit, Case Number A40-250513/26-12-2188, and to report to this Court the Moscow Arbitrazh Court's disposition of that request.

**TEMPORARY RESTRAINING ORDER**

Having considered Apple's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue ("Application"), the accompanying Certification of Counsel Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B) and Civil Local Rule

65-1(a)(5), the memorandum of points and authorities in support of the Application, the supporting declarations and all exhibits attached thereto, the Request for Judicial Notice, and the pleadings and other records on file in this action, the Court finds as follows:

1. The Court finds that all of the factors warranting issuance of an *ex parte* temporary restraining order and a preliminary injunction, upon notice, under *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984 (9th Cir. 2006), are satisfied;

2. The parties and issues in this action and in VK's lawsuit, Case Number A40-250513/26-12-2188 in the Moscow Arbitrazh Court, are substantially similar because VK's claims arise out of the DPLA and can be fully resolved in this action, such that this action is dispositive of the action to be enjoined;

3. VK's pursuit of Case Number A40-250513/26-12-2188 in the Moscow Arbitrazh Court, including any steps that VK may take before the Moscow Arbitrazh Court to impede Apple from pursuing this action to enforce its contractual rights in violation of the mandatory forum-selection clause, would frustrate the policy of the United States and of this Court to encourage enforcement of forum-selection clauses, would be vexatious and oppressive, and would impose inconvenience and unnecessary expenses, and would create the risk of inconsistent rulings or judgments;

4. An order directed at VK in the context of a contractual dispute between private parties operates only as to holding VK to the forum it contractually agreed to and thus does not have an intolerable impact on comity;

5. Apple faces the risk of imminent and irreparable harm, including if VK seeks and obtains from the Moscow Arbitrazh Court an order or provisional relief enjoining Apple from pursuing this action to enforce its rights in this Court, and if Apple is forced to incur additional burden and expense of litigating in a forum different than what is specified in the DPLA's mandatory forum-selection clause.

6. Apple has shown good cause for seeking *ex parte* relief without prior notice to VK because once VK learns of this action, VK may obtain its own anti-anti-suit order from the Moscow

Arbitrazh Court to prohibit Apple from proceeding in this action and undermine Apple's ability to obtain meaningful relief in this action.

**IT IS THEREFORE ORDERED THAT** VK, its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them are **TEMPORARILY RESTRAINED** pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure and **ENJOINED** from the Restrained Conduct pending this Court's determination of Apple's Application.

**IT IS FURTHER ORDERED THAT** VK shall take all steps necessary to request and obtain from the Moscow Arbitrazh Court an immediate adjournment or stay of its lawsuit, Case Number A40-250513/26-12-2188, and to report to this Court the Moscow Arbitrazh Court's disposition of that request. VK shall submit that request no later than three court days after receiving actual notice of this Order, and shall file with this Court a notice of the Moscow Arbitrazh Court's disposition of the request within two court days after receiving it.

**IT IS FURTHER ORDERED THAT**, based on Apple's showing that VK is not likely to suffer any harm by complying with this Order pending this Court's determination of Apple's Application, Apple shall not be required to post any security.

**IT IS FURTHER ORDERED THAT** Apple shall serve this Order and Apple's Application and supporting papers, along with certified Russian translations thereof, on VK no later than _____ days before the date set for hearing through the means of service described in this Court's Order on Apple's Motion for Alternative Service, and Apple shall file proof of service within _____ days before the hearing.

**IT IS FURTHER ORDERED THAT** any response or opposition to this Order must be filed and served on Apple's counsel no later than _____ days before the date set for hearing, and any reply must be filed and served no later than _____ days before the date set for hearing.

**IT IS FURTHER ORDERED THAT** if VK fails to appear at the above-scheduled hearing or file any opposition or response to this Order by the above-referenced deadline, this Order shall, for the reasons stated above, immediately convert into a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and VK, its officers, agents, servants, employees, and attorneys, and

all those in active concert or participation with them shall be preliminarily enjoined from the Restrained Conduct.

**IT IS SO ORDERED** on this ____ day of October, 2026 at ___:____ _.m.

______________________________________

Hon. ______________________
United States District Judge