# EXHIBIT 4

900000947_49171591

14020021015473

# ARBITRATION COURT OF THE CITY OF MOSCOW

17 Bolshaya Tulskaya Street, Moscow, 115191
http://www.msk.arbitr.ru

**RULING**

on accepting the statement of claim for proceedings,
preparing the case for trial,
and scheduling a preliminary court hearing

City of Moscow
September 3, 2026

Case No. A40-250513/26-12-2188,

The Arbitration Court of the City of Moscow composed of:
Judge A.S. Chadov
having considered the matter of accepting for proceedings the statement of claim (application) of the plaintiff: "VK" LLC (TIN: 7743001840)
against the defendants: 1) Apple Inc., 2) Apple Distribution International Ltd., 3) “Apple RUS” LLC (TIN: 7707767220)
on challenging the unilateral termination of the contract and restoration of violated rights, as well as the attached documents,

**HAS DETERMINED** that the statement of claim (application) was filed in compliance with the requirements set forth in Articles 125 and 126 of the Arbitration Procedure Code of the Russian Federation.

Guided by Articles 127, 133-135 of the Arbitration Procedure Code of the Russian Federation, the court

**HEREBY ORDERS**:

1. To accept the statement of claim (application) and initiate proceedings in the case.
2. For the purposes of clarifying the circumstances regarding the substance of the stated claims and objections, disclosing supporting evidence, determining the need to submit additional evidence, and explaining to the parties their rights and obligations, as well as the consequences of performing or failing to perform procedural actions, a consultation with the parties and a preliminary court hearing are scheduled for October 27, 2026 at 3:40 PM at the court premises located at: 17 Bolshaya Tulskaya Street, Moscow, 115191, courtroom 3037.
3. In preparation for the court hearing, the following submissions are requested:

The plaintiff shall provide the regulatory and documentary substantiation of the stated claims, including, **on the basis of Paragraph 2 of the Resolution of the Plenum of the Supreme Arbitration Court of the Russian Federation dated February 17, 2011, No. 12 (as amended on July 12, 2012) "On Certain Issues Regarding the Application of the Arbitration Procedure Code of the Russian Federation," the original statement of claim and the original power of attorney (if the claim is signed by a representative) to confirm that the statement of claim was filed by the person who signed it; pursuant to Paragraph 2 of Article 126 of the Arbitration Procedural Code of the Russian Federation, Paragraph 3 of Article 333.18 of the Tax Code of the Russian Federation, and Paragraph 1 of the Information Letter of the Supreme Arbitration Court of the Russian Federation No. 91 dated May 25, 2005, the original document confirming payment of the state duty; and, pursuant to Part 8 of Article 75 of the Arbitration Procedural Code of the Russian Federation, the attachments to the statement of claim in the form of duly certified copies. It is necessary to submit the originals of the attached**

**documents for review by the court, as well as duly certified copies in the manner specified in the list of appendices in the statement of claim for inclusion in the case materials, given that documents submitted in electronic form do not have the characteristics of duly certified copies.**

The defendants shall submit a response, containing documentary and legal grounds, in accordance with Articles 75 and 131 of the Arbitration Procedure Code of the Russian Federation, along with proof of service upon the claimant, no later than October 13, 2026.

The court hereby notifies the parties to the case that, in accordance with Part 4 of Article 137 of the Arbitration Procedure Code of the Russian Federation and Paragraph 27 of the Resolution of the Plenum of the Supreme Arbitration Court of the Russian Federation "On the Preparation of a Case for Trial" dated December 20, 2006, No. 65, if the parties to the case, duly notified of the time and place of the preliminary court hearing and the trial on the merits, **fail to appear at the preliminary court hearing and do not file objections to the consideration of the case in their absence, the court will conclude the preliminary court hearing on October 27, 2026 and, on the same day at 3:41 PM, will consider the case on the merits** in a hearing of the court of first instance, issuing a final judicial act.

4. The court clarifies that, in accordance with Part 3 of Article 59 of the Arbitration Procedure Code of the Russian Federation (as amended by Federal Law No. 451-FZ dated November 28, 2018; amendments introduced by Federal Law No. 451-FZ dated November 28, 2018 (as amended on July 26, 2019) shall enter into force on the date of commencement of activities of cassation courts of general jurisdiction and appellate courts of general jurisdiction, determined in accordance with Part 3 of Article 7 of Federal Constitutional Law No. 1-FKZ dated July 29, 2018 (no later than October 1, 2019)), representatives of individuals — including individual entrepreneurs — and organizations in an arbitration court may be advocates or other persons providing legal assistance who hold a higher education degree in law or an academic degree in a legal specialty. The requirements applicable to representatives do not extend to patent attorneys in disputes related to the legal protection of results of intellectual activity and means of individualization, to arbitration managers performing their duties in bankruptcy proceedings, or to other persons specified in federal law.

The authority of a representative must be substantiated as follows: for the head of an organization, by the relevant decision on their appointment to the position, as well as by identity documents; for other representatives: **by a power of attorney, identity documents, documents on higher legal education or an academic degree in a legal specialty in accordance with Article 61 of the Arbitration Procedure Code of the Russian Federation**.

Persons participating in the case shall ensure the attendance of authorized representatives at the court hearing. Participants in the process must have copies of the powers of attorney presented for inclusion in the case materials during the court proceedings.

5. The parties may settle the dispute by concluding a settlement agreement or using other conciliation procedures, including mediation, if this does not contradict federal law, or they may refer the dispute to an arbitration tribunal for resolution.

6. The parties are advised that, in accordance with Part 6 of Article 121 of the Arbitration Procedure Code of the Russian Federation, persons participating in the case, after receiving a ruling on the acceptance of a statement of claim or application for proceedings and the initiation of proceedings on the case, as well as persons who joined the case or were brought into the case later, and other participants in the arbitration process, after receiving the first judicial act on the case under consideration, independently take measures to obtain information on the progress of the case, using any available sources of such information and any means of communication. Persons participating in the case bear the risk of adverse consequences as a result of failure to take steps to obtain information about the progress of the case, provided that the court possesses information indicating that said persons have been duly notified.

7. Information on the progress of the case can be obtained on the website: www.msk.arbitr.ru. If you are unable to appear, please inform the court about the possibility of considering the case without the participation of a representative by calling: 600-98-12, fax: 600-97-22.

Judge A.S. Chadov

MORNINGSIDE IP

# TRANSLATOR CERTIFICATION

Date: October 9, 2026

To whom it may concern:

I, Ondrej Recnik, a translator fluent in the Russian and English languages, on behalf of Morningside Translations, do solemnly and sincerely declare that the following is, to the best of my knowledge and belief, a true and correct translation of the document(s) listed below in a form that best reflects the intention and meaning of the original text.

The documents are designated as:

- Apple - VK - Acceptance of Claim.docx

Signature

Ondrej Recnik

Print

900000947_49171591

14020021015473

# АРБИТРАЖНЫЙ СУД ГОРОДА МОСКВЫ

115191, г.Москва, ул. Большая Тульская, д. 17
http://www.msk.arbitr.ru

**ОПРЕДЕЛЕНИЕ**

о принятии заявления к производству,
подготовке дела к судебному разбирательству
и назначении предварительного судебного заседания

г. Москва Дело № А40-250513/26-12-2188
03 сентября 2026 года

Арбитражный суд города Москвы в составе:
судьи Чадова А.С.
рассмотрев вопрос о принятии к производству искового заявления (заявления)
истца: ООО "ВК" (ИНН: 7743001840)
к ответчикам: 1) Apple Inc., 2) Apple Distribution International Ltd., 3) ООО "ЭППЛ РУС" (ИНН 7707767220)
об оспаривании одностороннего отказа от договора и восстановлении нарушенных прав,
и приложенные документы,

**УСТАНОВИЛ,** что исковое заявление (заявление) подано с соблюдением требований, предусмотренных статьями 125, 126 Арбитражного процессуального кодекса Российской Федерации.

Руководствуясь статьями 127, 133-135 Арбитражного процессуального кодекса Российской Федерации, суд

**ОПРЕДЕЛИЛ**:

1. Принять исковое заявление (заявление) и возбудить производство по делу.
2. В целях выяснения обстоятельств, касающихся существа заявленных требований и возражений, раскрытия доказательств, их подтверждающих, необходимости представления дополнительных доказательств, разъяснения сторонам их прав и обязанностей, последствий совершения или не совершения ими процессуальных действий, назначить собеседование со сторонами и предварительное судебное заседание на 27 октября 2026 года в 15 час. 40 мин. в помещении суда по адресу: 115191, г. Москва, ул. Большая Тульская, вл. 17, зал 3037.
3. В порядке подготовки дела к судебному разбирательству предлагается представить:

Истцу – нормативное и документальное обоснование заявленных требований, в том числе, **на основании п. 2 Постановления Пленума ВАС РФ от 17.02.2011 N 12 (ред. от 12.07.2012) «О некоторых вопросах применения Арбитражного процессуального кодекса Российской Федерации» в целях подтверждения подачи искового заявления лицом, его подписавшим, представить в суд оригинал искового заявления, оригинал доверенности, если иск подписан представителем, на основании п.2 ст. 126 Арбитражного процессуального кодекса Российской Федерации, п. 3 ст. 333.18 Налогового кодекса Российской Федерации, а также п. 1 Информационного письма Высшего Арбитражного Суда Российской Федерации от 25.05.2005 N 91 представить оригинал документа, подтверждающего уплату государственной пошлины, на основании ч. 8 ст. 75 Арбитражного процессуального кодекса Российской Федерации представить приложения к иску в виде надлежащим образом заверенных копий. Необходимо представить**

**подлинники приложенных документов на обозрение суда, а также надлежаще заверенные копии в порядке, указанном в списке приложений в исковом заявлении для приобщения к материалам дела, поскольку документы, представленные в электронном виде, не обладают признаками надлежаще заверенных копий.**

Ответчикам – отзыв с документальным и нормативным обоснованием в порядке ст.ст. 75, 131 Арбитражного процессуального кодекса Российской Федерации с доказательством вручения заявителю в срок до 13.10.2026 г.

Суд извещает участвующих в деле лиц, что в соответствии с ч. 4 ст. 137 АПК РФ и п.27 Постановления Пленума ВАС РФ «О подготовке дела к судебному разбирательству» от 20 декабря 2006 года № 65, если лица, участвующие в деле, извещенные надлежащим образом о времени и месте проведения предварительного судебного заседания и судебного разбирательства дела по существу, **не явятся в предварительное судебное заседание и не заявят возражений против рассмотрения дела в их отсутствие, суд завершит 27.10.2026 года предварительное судебное заседание и в тот же день в 15 часов 41 минут рассмотрит дело по существу** в судебном заседании арбитражного суда первой инстанции с принятием окончательного судебного акта.

4. Суд разъясняет, что в соответствии с ч. 3 ст. 59 АПК РФ (в ред. Федерального закона от 28.11.2018 № 451-ФЗ; изменения, внесенные Федеральным законом от 28.11.2018 № 451-ФЗ (ред. 26.07.2019), вступают в силу со дня начала деятельности кассационных судов общей юрисдикции и апелляционных судов общей юрисдикции, определяемого в соответствии с частью 3 статьи 7 Федерального конституционного закона от 29.07.2018 № 1-ФКЗ (не позднее 01.10.2019)) представителями граждан, в том числе индивидуальных предпринимателей, и организаций могут выступать в арбитражном суде адвокаты и иные оказывающие юридическую помощь лица, имеющие высшее юридическое образование либо ученую степень по юридической специальности. Требования, предъявляемые к представителям, не распространяются на патентных поверенных по спорам, связанным с правовой охраной результатов интеллектуальной деятельности и средств индивидуализации, арбитражных управляющих при исполнении возложенных на них обязанностей в деле о банкротстве, а также иных лиц, указанных в федеральном законе.

Полномочия представителя должны быть подтверждены: для руководителя: соответствующее решение о назначении на должность руководителя организации, а так же документами, удостоверяющие личность; для других представителей: **доверенность, документы, удостоверяющие личность, документы о высшем юридическом образовании или об ученой степени по юридической специальности в соответствии со ст. 61 АПК РФ**.

Лицам, участвующим в деле, обеспечить явку полномочных представителей в судебное заседание. Участникам процесса иметь для приобщения к материалам дела копии в судебное разбирательство представленных полномочий.

5. Стороны могут урегулировать спор, заключив мировое соглашение или применяя другие примирительные процедуры, в том числе процедуру медиации, если это не противоречит федеральному закону, а также передать спор на разрешение третейского суда.

6. Сторонам разъясняется, что в соответствии с ч. 6 ст. 121 Арбитражного процессуального кодекса Российской Федерации, лица, участвующие в деле, после получения определения о принятии искового заявления или заявления к производству и возбуждении производства по делу, а лица, вступившие в дело или привлеченные к участию в деле позднее, и иные участники арбитражного процесса после получения первого судебного акта по рассматриваемому делу самостоятельно предпринимают меры по получению информации о движении дела с использованием любых источников такой информации и любых средств связи. Лица, участвующие в деле, несут риск наступления неблагоприятных последствий в результате непринятия мер по получению информации о движении дела, если суд располагает информацией о том, что указанные лица надлежащим образом извещены.

7. Информацию о движении дела возможно получить на сайте в сети Интернет по веб-адресу: www.msk.arbitr.ru. В случае невозможности явки сообщить суду о возможности рассмотрения дела без участия представителя по тел.: 600-98-12, факс: 600-97-22.

Судья Чадов А.С.