WESLEY SZE, SBN 306715
wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300

JASON W. MYATT (*pro hac vice* forthcoming)
jmyatt@gibsondunn.com
ANDREI F. MALIKOV (*pro hac vice* forthcoming)
amalikov@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000

OLEH VRETSONA (*pro hac vice* forthcoming)
ovretsona@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street NW
Washington, DC 20036
Telephone: 202.955.8500

*Attorneys for Plaintiff*
*Apple Inc.*

**FILED**

Oct 20 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

APPLE INC.,

Plaintiff,

v.

VK LLC,

Defendant.

Case No.

**DECLARATION OF CAREY KOZLOWSKI**

I, Carey Kozlowski, hereby declare as follows:

1. I am over the age of eighteen and competent to make this declaration.

2. I am employed by Apple Inc. as Director of Developer Services and Support. I have been employed by Apple since 2006. I provide this declaration in support of (1) Apple's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, and (2) Apple's Motion for Alternative Service, in the above-captioned case. Unless otherwise indicated, the statements in this declaration are true and correct based upon my personal knowledge, my review of corporate records maintained by Apple in the ordinary course of its business, and/or my discussions with Apple employees. If called to testify, I could and would testify competently and truthfully to the matters set forth herein.

**The Apple Developer Program License Agreement**

3. Apple is a California corporation with its principal place of business in Cupertino, California.

4. The App Store is a platform through which third-party software developers distribute apps to users of Apple devices. The Apple employees responsible for administering the Apple Developer Program, including maintaining the Apple Developer Program License Agreement ("DPLA") and the processes by which app developers enroll in the Program and agree to its terms, are primarily based in Cupertino, California.

5. Through my role, I am knowledgeable about the DPLA, as well as Apple's developer relations practices.

6. A third-party developer who wishes to distribute apps on the App Store must agree to the DPLA. A developer cannot submit apps for distribution on the App Store unless and until the developer has accepted the DPLA.

///

///

///

///

///

7. Developers review the DPLA through an online portal within their developer account and execute the DPLA by clicking a button within the portal indicating that they agree to the terms of the DPLA. Apple instructs developers in bold and capitalized letters:

> **PLEASE READ THE FOLLOWING APPLE DEVELOPER PROGRAM LICENSE AGREEMENT TERMS AND CONDITIONS CAREFULLY BEFORE DOWNLOADING OR USING THE APPLE SOFTWARE OR APPLE SERVICES. THESE TERMS AND CONDITIONS CONSTITUTE A LEGAL AGREEMENT BETWEEN YOU AND APPLE.**

8. The DPLA also contains a binding choice-of-law and forum-selection clause, which states, in relevant part:

> Any litigation or other dispute resolution between You and Apple (other than a challenge to a patent right before a patent office) arising out of or relating to this Agreement, the Apple Software, or Your relationship with Apple will take place in the Northern District of California, and You and Apple hereby consent to the personal jurisdiction of and exclusive venue in the state and federal courts within that District with respect any such litigation or dispute resolution. This Agreement will be governed by and construed in accordance with the laws of the United States and the State of California, except that body of California law concerning conflicts of law.

9. Apple periodically updates the DPLA. When the DPLA is updated, developers are prompted to agree to the revised terms.

10. Apple maintains, in the ordinary course of its business, records within the Developer Administration Tool. That Tool contains a history of all DPLAs (among other agreements) to which a developer has agreed, including the date and time at which the agreement was executed.

**VK's Developer Account**

11. On September 6, 2009, VK LLC ("VK") created a developer account and enrolled in the Apple Developer Program.

12. VK is the developer of record for several apps, including the apps "VK," "Odnoklassniki," and "VK Music."

13. Apple's records identify VK as a Russian company located in Moscow, Russia.

14. Since September 24, 2018, VK has designated Elena Bagudina as the account holder for its developer account, and designated the email address <iOS-mail.ru@corp.mail.ru> to receive communications from Apple regarding the DPLA.

///

15. Attached hereto as **Exhibit A** is a true and correct copy of the Agreement History of the VK developer account, as extracted from the Developer Administration Tool. The DPLA was formerly called the iPhone Developer Program License Agreement and iOS Developer Program License Agreement.

16. As reflected in Exhibit A, VK first executed the DPLA on September 6, 2009, which corresponds to the date VK created its developer account and enrolled in the Apple Developer Program.

17. Attached hereto as **Exhibit B** is a true and correct copy of the version of the DPLA that VK accepted on September 6, 2009.

18. As reflected in Exhibit A, VK has accepted updated versions of the DPLA on 46 occasions since first executing the agreement, including most recently on June 18, 2026.

19. Attached hereto as **Exhibit C** is a true and correct copy of the DPLA that VK accepted on June 18, 2026.

20. Each time VK accepted the DPLA, it did so through an online acceptance process whereby it clicked a button on an online portal within its developer account indicating that it agreed to the terms of the updated version of the DPLA.

21. Every version of the DPLA that VK accepted includes a mandatory forum-selection clause that selects the state and federal courts in the Northern District of California as the exclusive forum for litigation of disputes between VK and Apple.

22. Based on my review of VK's communications to Apple, VK has never raised objections to the mandatory forum-selection clause or sought to revise it.

23. Apple has in place policies and procedures to comply with applicable export controls and economic sanctions, and Apple regularly undertakes review of developers and apps for sanctions compliance purposes.

24. On June 23, 2026, Apple suspended VK's developer account due to sanctioned-party ownership and control concerns relating to VK and its parent entity, and VK's apps, including "VK," "Odnoklassniki," and "VK Music," were removed from the App Store.

///

///

25. That same day, Apple sent a notice to VK, through email to Elena Bagudina, its designated account holder at <iOS-mail.ru@corp.mail.ru>, to inform VK about the suspension of its developer account.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on October 17 2026 in Cupertino, California.

Carey Kozlowski