United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPLE INC.,

Plaintiff,

v.

VK LLC,

Defendant.

Case No. 26-cv-12159-PCP

**ORDER GRANTING PRELIMINARY INJUNCTION**

Re: Dkt. Nos. 4, 16

VK, LLC, a Russia-based technology company, brought a lawsuit in the Arbitrazh Court of the City of Moscow (Moscow Arbitrazh Court) against Apple, Inc., a United States-based technology company, for actions it took to remove VK's applications from Apple's App Store. Apple then filed this anti-suit action against VK to enforce a forum selection clause the parties agreed to in the Apple Developer Program License Agreement (DPLA). The Court granted Apple's *ex parte* application for a temporary restraining order and ordered VK to show cause why a preliminary injunction should not issue. Dkt. No. 16. VK has failed to enter an appearance in this case or respond to the order to show cause. For the reasons that follow, the Court grants Apple's requested preliminary injunction.

## BACKGROUND

VK is a large technology company that, among other things, develops applications that have long been available for download on the App Store. Complaint, Dkt. No. 1, ¶¶ 24-25. VK first enrolled in the Apple Developer Program on September 6, 2009. At that time, it accepted the terms of the DPLA. *Id.* ¶ 25. The DPLA includes a provision that states:

> Any litigation or other dispute resolution between You and Apple (other than a challenge to a patent right before a patent office) arising out of or relating to this Agreement, the Apple Software, or Your relationship with Apple will take place in the Northern District of California, and You and Apple hereby consent to the personal jurisdiction of and exclusive venue in the state and federal courts within that

> District with respect any such litigation or dispute resolution. This Agreement will be governed by and construed in accordance with the laws of the United States and the State of California, except that body of California law concerning conflicts of law.

*Id.* ¶ 26. Another section of the DPLA specifies that the forum selection clause and choice of law provision "shall survive any termination of this Agreement." *Id.* ¶ 30. After initial acceptance of the DPLA, Apple requires developers to re-accept the terms of the DPLA when Apple makes revisions, and VK has accepted the terms of the DPLA—all of which have included a forum selection clause and a choice of law provision—at least 46 times. *Id.* ¶ 27-29. VK most recently accepted the DPLA on June 18, 2026. *Id* ¶ 28.

Beginning in 2014, the United States, the European Union, and the United Kingdom imposed sanctions on Russian persons and entities. *Id* ¶ 32. This year, Apple undertook a review of VK to ensure compliance with applicable sanctions. *Id* ¶ 37. During its review, Apple identified sanctioned-party ownership and control concerns relating to VK and its parent entity. As a result, Apple on June 23, 2026, suspended VK's participation in the Developer Program and removed applications developed by VK from the App Store. *Id* ¶¶ 37-38. Apple notified VK of its actions by email to Elena Bagudina, who is VK's designated account holder. *Id.* at ¶ 39.

In response to Apple's actions, VK filed a complaint against Apple, Apple Rus, and Apple Distribution International Ltd. (ADI) in the Moscow Arbitrazh Court. *Id* ¶ 42. Through that lawsuit, VK seeks to regain access to Apple platforms, including the App Store, and to restore the functionality of VK applications that are already downloaded to devices. *Id* ¶ 43. VK also requests that Apple be fined RUB 58,000,000 per day from the sixth day after judgment until Apple complies with the Moscow Arbitrazh Court's order, and that the judgment be immediately enforced before Apple can appeal. *Id* ¶ 43. VK acknowledges the existence of the DPLA in its pleadings but argues that it never meaningfully agreed to its terms and that it "cannot receive justice in a court in the Northern District of California" given that the Court will "undoubtedly apply U.S. sanctions law—laws that conflict with the public policy of the Russian Federation and other overriding mandatory rules of Russian law." *Id* ¶ 46.

On September 3, 2026, the Moscow Arbitrazh Court accepted VK's complaint and initiated proceedings. *Id* ¶ 49. The Moscow Arbitrazh Court ordered defendants to file a response

and scheduled a hearing for October 27, 2026, at 3:40 PM. *Id* ¶ 49. The Court also noted in its order:

> [I]f the parties to the case, duly notified of the time and place of the preliminary court hearing and the trial on the merits, fail to appear at the preliminary court hearing and do not file objections to the consideration of the case in their absence, the court will conclude the preliminary court hearing on October 27, 2026 and, on the same day at 3:41 P.M., will consider the case on the merits in a hearing of the court of first instance, issuing a final judicial act.

*Id* ¶ 50. On October 20, 2026, Apple initiated this anti-suit action against VK to enforce the DPLA's forum selection clause, enjoin VK's breach of a mandatory forum selection clause, and procure declaratory relief. Dkt. No. 1. Apple also sought a temporary restraining order. Dkt. No. 4. This Court granted the requested temporary restraining order, ordered VK to show cause why a preliminary injunction should not issue, and authorized Apple to perform service via email. Dkt. No. 16. The Court also ordered:

> [I]f VK fails to appear at the above-scheduled hearing or file any opposition or response to this Order by the above-referenced deadline, this Order shall, for the reasons stated above, immediately convert into a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and VK, its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them shall be preliminarily enjoined from the restrained conduct.

Dkt. No. 16. Apple served VK on October 23, 2026. Dkt. No. 17.

In the Moscow Arbitrazh Court, Apple filed a "motion to leave VK's claim without consideration" in light of the forum selection clause. Shortly before the scheduled October 27 hearing, VK provided objections to Apple's motion. Dkt. No. 21. Separately, during the hearing on October 27, 2026, Apple moved to adjourn hearing, which VK opposed. *Id.* The Moscow Arbitrazh Court granted Apple's motion and adjourned the hearing until December 8, 2026. *Id.*

At the hearing before this Court on November 2, 2026, VK failed to appear. VK has so far failed to enter an appearance in this case. During the November 2 hearing, Apple informed the Court that, on October 30, 2026, the Moscow Arbitrazh Court, in an action separate from the one VK initiated on September 3, had ordered Apple, Apple Rus, and ADI to terminate the proceedings occurring before this Court because this Court lacks jurisdiction. The Court extended the existing temporary restraining order by 14 days, and it now expires on November 18, 2026.

**LEGAL STANDARD**

A party seeking preliminary injunctive relief usually must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). But a party seeking an anti-suit injunction "need not meet [the] usual test of a likelihood of success on the merits of the underlying claim." *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 991 (9th Cir. 2006). Instead, a party "need only demonstrate that the factors specific to an anti-suit injunction weigh in favor of granting the injunction." *Id.*

Courts apply a "three-part inquiry for assessing the propriety of such an injunction." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012). First, the Court must "determine 'whether or not the parties and the issues are the same' in both the domestic and foreign actions, 'and whether or not the first action is dispositive of the action to be enjoined.'" *Id.* (quoting *Gallo*, 446 F.3d at 991). Second, the Court must "determine whether at least one of the so-called '*Unterweser* factors' applies." *Id.* (quoting *Gallo*, 446 F.3d at 991). "The *Unterweser* factors are a disjunctive list of considerations that may justify a foreign anti-suit injunction": "[whether the] foreign litigation … would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) where the proceedings prejudice other equitable considerations." *Id.* at 881-82 (alteration in original) (quoting *Gallo*, 446 F.3d at 990). Third, the Court determines "whether the injunction's 'impact on comity is tolerable.'" *Id.* (quoting *Gallo*, 446 F.3d at 991).

**ANALYSIS**

To begin, the parties and issues are the same in the Russia proceedings and the United States proceedings. *Microsoft Corp.*, 696 F.3d at 881; *Gallo*, 446 F.3d at 991. VK and Apple are the parties litigating before the Moscow Arbitrazh Court and before this Court. Likewise, the threshold issue, whether the DPLA requires adjudication in this Court, is the same and the underlying issue that VK agreed to resolve in this Court, which involves the lawfulness of Apple's decision to end VK's participation in its Developer Program and remove VK's applications from

the App Store, is also the same. *See Applied Med. Distribution Corp. v. Surgical Co. BV*, 587 F.3d 909, 915 (9th Cir. 2009) ("In cases like this where the parties are the same, whether the issues are the same and the first action dispositive of the action to be enjoined are interrelated requirements; that is, to the extent the domestic action is capable of disposing of all the issues in the foreign action and all the issues in the foreign action fall under the forum selection clause, the issues are meaningfully 'the same.'"). Likewise, an action filed in this Court pursuant to the terms of the DPLA would be dispositive of the action before the Moscow Arbitrazh Court that Apple seeks to enjoin.

Next, at least one of the *Unterweser* factors applies. *Microsoft Corp.*, 696 F.3d at 881; *Gallo*, 446 F.3d at 991. "[F]oreign litigation may be enjoined when it would … frustrate a policy of the forum issuing the injunction." *Gallo*, 446 F.3d at 991 (quoting *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 855 (9th Cir. 1981)). It is "clear that the Supreme Court has established a strong policy in favor of the enforcement of forum selection clauses." *Gallo*, 446 F.3d 984. Accordingly, at least one *Unterweser* factor is met.

Lastly, the injunction's potential "impact on comity is tolerable." *Microsoft Corp.*, 696 F.3d at 886 (quoting *Gallo*, 446 F.3d at 991). The Ninth Circuit has instructed that "[f]oreign anti-suit injunctions should not be issued routinely," *id.* at 889, given that "anti-suit injunctions may implicate comity concerns," *Applied Med. Distribution Corp.*, 587 F.3d at 920. "*Gallo* requires not that we calculate the precise quantum of the injunction's interference with comity, but only that we estimate whether any such interference is so great as to be intolerable." *Id.* at 886. "[C]omity is less likely to be threatened in the context of a private contractual dispute" like the dispute at issue here "than in a dispute implicating public international law or government litigants." *Id.* at 887. The "scope of the anti-suit injunction" is also "relevant to the comity inquiry." *Id.* In this case, there is no need for an overbroad injunction; instead, the injunction will be "tailored" and "directed specifically to the parties." *Id.* And "[t]he order in which the domestic and foreign suits were filed, although not dispositive, may be relevant to this determination depending on the particular circumstances." *Id.* In this case, VK filed its suit first in the Moscow Arbitrazh Court. But "when parties have forum-selection clause, 'one party's filing first in a different forum would

not implicate comity at all.'" *Id.* (quoting *Gallo*, 446 F.3d at 994). Accordingly, although there might be some impact on comity, the impact will not be so great as to be intolerable.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Apple's request for a preliminary injunction is GRANTED. Because of the strength of Apple's claims, *California ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985), and the lack of any realistic likelihood of harm to VK, *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999), no security is needed to ensure that respondents will be reimbursed for "costs and damages sustained by … hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

IT IS THEREFORE ORDERED THAT VK, its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them are ENJOINED from the following restrained conduct:

(1) taking any further steps in pursuit of the lawsuit filed by VK in the Moscow Arbitrazh Court, Case Number A40-250513/26-12-2188 (except to take all steps necessary to request and obtain from the Moscow Arbitrazh Court an immediate adjournment or stay of its lawsuit, Case Number A40-250513/26-12-2188, and to report to this Court the Moscow Arbitrazh Court's disposition of that request);

(2) initiating, pursuing, or otherwise taking any steps with respect to any other ongoing or future proceedings that arise out of or relate to the DPLA, the Apple Software (as defined in the DPLA), or the parties' relationship, in any jurisdiction other than the state and federal courts within the Northern District of California, as required by Section 14.10 of the DPLA; and

(3) initiating, pursuing, or otherwise taking any steps in any ongoing or future proceedings to enjoin or restrain Apple or its affiliates from continuing or pursuing this or any other action to enforce their rights

IT IS FURTHER ORDERED THAT VK shall take all steps necessary to request and obtain from the Moscow Arbitrazh Court an immediate adjournment or stay of its lawsuit, Case Number A40-250513/26-12-2188, and to report to this Court the Moscow Arbitrazh Court's

United States District Court
Northern District of California

disposition of that request. VK shall submit that request no later than three court days after receiving actual notice of this order, and shall file with this Court a notice of the Moscow Arbitrazh Court's disposition of the request within two court days after receiving it.

This preliminary injunction shall remain in effect during the pendency of these proceedings—*i.e.*, until the entry of a final judgment in this action—unless otherwise ordered by this Court. By no later than November 9, 2026, Apple shall serve a copy of this order on VK.

**IT IS SO ORDERED.**

Dated: November 6, 2026

P. Casey Pitts
United States District Judge